GLICKSTEIN, Judge,
dissenting.
This is the second appearance here for these adversaries — attorney and client. *1308 The first resolved the question of the attorney’s fee for which the client was responsible. Huff v. Gentry, 443 So.2d 1052 (Fla. 4th DCA 1984).
The question presented here is whether the attorney is entitled to the actual rate of return earned on the unpaid fees while they were invested in escrow pending resolution of the dispute over the fee.
The trial court concluded that the client was entitled to the interest. In the transcript of the hearing, it noted that the attorney is better equipped to protect himself than the client in these disputes by preparation of the necessary agreement. With all due respect to the trial court, whatever the reasons given, in my view the attorney was clearly the beneficial owner of all funds upon which the trial court imposed a charging lien; and it was the attorney who was entitled to the earnings on those funds. To me, it makes no difference whether the earnings on the funds take the form of interest, profit or capital investment.
The record reflects that on December 1, 1980, appellant filed a charging lien in the estate of Charles M. McArthur, deceased, and particularly upon the proceeds of a settlement from which appellee was to receive substantial benefits. The charging lien asserted an agreement by the client to pay a reasonable fee and the performance by the attorney of services between 1974 and 1980.
In March 1981 the trial court entered an order which provided:
ORDERED AND ADJUDGED that John A. Gentry, III, Esquire, has a valid attorney’s charging lien for legal services rendered by him for Nadean 0. McAr-thur Huff in the payments received by SOUTHEAST FIRST NATIONAL BANK OF MIAMI, as authorized Agent, from MDF, Inc., and from Barnett Banks Trust Company, N.A., as Trustee, as aforesaid, as to the portion of said payments otherwise required to be distributed to Nadean O. McArthur Huff, and it is further
ORDERED AND ADJUDGED that from the date of this Order, the next $650,000.00 of such payments received by SOUTHEAST FIRST NATIONAL BANK OF MIAMI, as Authorized Agent, for the benefit of Nadean O. McArthur Huff, will be retained and invested by SOUTHEAST FIRST NATIONAL BANK OF MIAMI with the disposition of the principal sum of $650,000.00 and the income earned thereon to be made only upon Order of this Court.
In May 1982 the trial court entered a subsequent order, reciting the following:
ORDERED AND ADJUDGED that Petitioner, John A. Gentry, III, Esq. is hereby awarded and he shall hereby recover of and from the Respondent, Nade-an O. McArthur Huff, the sum of $450,-000, less $97,500 previously paid, as and for a reasonable attorney’s fee for legal services rendered by Petitioner to Respondent from December 8,1974 through September 1980, for all of which let execution issue. And it is further
ORDERED AND ADJUDGED that the Order of the Court dated March 2, 1981, be and the same is hereby amended by deleting the sum of $650,000 and by substituting the principal amount of this Judgment in its place and stead on page three thereof, which principal sum and the interest thereon shall be paid and disbursed to Petitioner by Barnett Banks Trust Company, N.A., and/or the Southeast First National Bank of Miami, as Trustee and Agent, respectively, under that certain Trust and Security Agreement dated July 3, 1979. The Barnett Banks Trust Company, N.A. and the Southeast First National Bank of Miami, are hereby ordered and directed to pay directly to Petitioner John A. Gentry, III, Esq. all principal and interest earned thereon for the benefit of Respondent, Nadean O. McArthur Huff, as and when said sums may be properly disbursed under the terms and conditions of said Trust and Security Agreement aforesaid. And it is further
ORDERED AND ADJUDGED that this Court expressly reserves jurisdiction for the purpose of imposing such further, additional or supplemental attorney’s *1309 charging lien or liens as may be necessary and to the extent the principal sum and accrued interest otherwise held by Barnett Banks Trust Company, N.A. and Southeast First National Bank of Miami shall be insufficient to fully pay and satisfy this Judgment or shall not be otherwise available therefor.
Appellee concedes that if the 1982 order clearly recited that appellant was to receive the interest actually earned, the trial court could not change its mind two years later. To my mind, the language “and the interest thereon,” found in the second paragraph of that order as set forth above, is merely an alternative way of referring to what in the prior order was called “the income earned thereon,” and means the interest actually earned.
In May 1984 the trial court entered the order presently being appealed, awarding appellant only statutory interest. I fail to see the legal or reasonable predicate for so doing.